## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| State Farm Life Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-cv-50380 |
| v. | ) | |
| | ) | Honorable Iain D. Johnston |
| Agnes Y. Pavone, and | ) | |
| Marie Garrison-McCosh, | ) | Magistrate Judge Schneider |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

State Farm's motion to dismiss and discharge [18] is granted in part and denied in part. State Farm is dismissed from this suit, its duties having been discharged with the deposit of the interpleader funds. The motion's requested relief for permanent injunction and attorneys' fees and costs is denied without prejudice. A final interpleader order shall issue.

## I. BACKGROUND[1]

State Farm Life Insurance Company ("State Farm") issued individual whole life insurance policy LF-0147-9542 ("Policy") to James Garrison on February 25, 1966. The Policy named his then-wife Agnes as the owner and beneficiary, his mother Myrtle as the successor owner and beneficiary, and his sister Marie as the final owner and beneficiary. James and Agnes divorced on December 15, 1979, but the Policy and its beneficiary designations was never updated. James died on April 14, 2021, and was predeceased by his mother Myrtle. The Policy's proceeds including interest, $28,664.67, ("Death Benefit") became due and payable on that date.

---

[1] For the purposes of this motion to dismiss, the Court accepts as true the allegations set forth in State Farm's complaint. Dkt. 1. The answers filed by Defendants do not contest the relevant allegations. Dkt. 10, 17.

Agnes filed a claim to the Death Benefit on May 28, 2021. Marie also asserted a claim to the Death Benefit, alleging that James intended her and not Agnes to receive the benefit. State Farm cannot determine the proper beneficiary because it cannot determine whether the 2019 Illinois Divorce Revocation Act applies at the time of death or the time of divorce.

On October 6, 2021, State Farm filed the present action, interpleading Defendants Agnes and Marie. Dkt. 1. Agnes and Marie, each acting pro se, filed answers to the complaint and did not bring any counterclaims. Dkt. 10; Dkt. 17. On November 2, 2021, State Farm moved to deposit funds with the Court. Dkt. 11. On November 4, 2021, Magistrate Judge Schneider granted State Farm's motion and ordered the Death Benefit deposited with the Court. Dkt. 13. The Court received the Death Benefit in full on November 23, 2021. On December 14, 2021, State Farm filed a motion to dismiss and discharge, seeking a permanent injunction and attorneys' fees and costs. Dkt. 18.

## II. LEGAL STANDARD

An interpleader action is an equitable procedure used when a party, typically an insurer, is faced with conflicting claims and a risk of double liability. *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Interpleader allows a "stakeholder who has no claim to the money in the accounts and is willing to release it to the rightful claimant to put the money . . . in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994). Once the stakeholder deposits the money with the court, "competing claimants are left to litigate between themselves, while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Metro Life Ins. Co. v. Johnson*, No. 11-cv-

8210, 2012 U.S. Dist. LEXIS 83135, *3 (N.D. Ill. June 13, 2012); *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984).

## III. DISCUSSION

### A. Dismissal and Injunction

State Farm filed the present suit pursuant to 28 U.S.C. § 1335, based on the competing claims over proceeds from James Garrison's life insurance policy, valued at over five hundred dollars. The competing claims to the Death Benefit are brought by Agnes, a citizen of the state of Virginia, and Marie, a citizen of the state of Missouri. State Farm has deposited the funds into the registry of the court. The Court concludes that State Farm's interpleader action was properly filed and State Farm is entitled to be dismissed from the case.

State Farm asserts that it has "no independent interest in the funds" and that its distribution of the Death Benefit to the Court completes its duties under the Policy. Dkt. 18, at 6. This is the precise situation contemplated by the interpleader procedure. *See, e.g., Jackson Nat'l Life Ins. Co. v. Hardin*, No. 16-cv-2624, 2016 U.S. Dist. LEXIS 84056, *7 (N.D. Ill. Jun. 8, 2016) (discharging stakeholder insurer of all liability and dismissing it from the case after depositing disputed funds with the court). The Court finds that State Farm has discharged its duty with respect to the Policy and State Farm is dismissed from this action with prejudice.

At the same time, State Farm moves the court to permanently enjoin Agnes and Marie from prosecuting an action for payment of the Death Benefit against State Farm in any other forum. Dkt. 18, at 6. Although the issuance of a permanent injunction is discretionary under 28 U.S.C. § 2361, "an injunction is an extraordinary remedy" and one the Court does not issue readily. *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). Here, the permanent injunction would enjoin Agnes and Marie from filing suits against State Farm in other fora, but there is no

indication whatsoever that either Agnes or Marie, both acting pro se, seek to bring additional claims or litigation against State Farm over this Death Benefit. The cost of such litigation alone could surpass the amount of the Death Benefit. Additionally, with the entry of this final order of interpleader, discharging State Farm of its liability with respect to the Policy and Death Benefit in controversy, the claimants would have difficulty bringing a meritorious claim. The motion's request for permanent injunction is denied.

## B. Attorneys' Fees and Costs

Finally, State Farm seeks an award of its attorneys' fees and costs. As State Farm concedes, a court *may* award fees and costs to a stakeholder in an interpleader action if the costs are reasonable. Dkt. 18, at 7 (citing *Aaron*, 550 F.3d at 667). Indeed, courts have broad discretion in awarding attorneys' fees, which are typically deducted from the amount plaintiffs deposit with the court. *Id.* (citing *Lutheran Brotherhood v. Comyne*, 216 F. Supp. 2d 859, 863 (E.D. Wis. 2002)). But in the Seventh Circuit, "a court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable *and the stakeholder's efforts are not part of its normal course of business*." *Aaron*, 550 F.3d at 667 (emphasis added). "[I]t is recognized that the practice of allowing such fees is subject to great abuse and should be exercised with the most jealous caution in regard to the rights of litigants to avoid bringing the administration of justice into reproach." *Union Cent. Life Ins. Co. v. Hamilton Steel Prods*, 493 F.2d 76, 79 (7th Cir. 1974) (cautioning awarding attorneys' fees in an interpleader action from the fund in controversy).

Here, State Farm makes no showing that its efforts to determine the proper beneficiary of the Policy were outside the normal course of its business. Although State Farm does not indicate when its communications with Marie took place, this present action was filed just over four

months after the initial claim. The Court agrees that State Farm is a neutral, disinterested stakeholder here, but nothing about this claim is complicated such that it would require the insurer to go outside the normal course of its business. *See Jackson*, 2016 U.S. Dist. LEXIS 84056, *14-20 (collecting cases). As the court remarked in *Minnesota Mutual*,

> the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest.

*Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 618-19 (N.D. Ill. 1976); *Principal Life Ins. Co. v. Noble*, No. 18-CV-4576, 2019 U.S. Dist. LEXIS 65670, *11-12 (N.D. Ill. Apr. 17, 2019) ("It is an inevitable and expected risk in the insurance business that conflicting claims may arise concerning the proceeds of a policy."); *Genworth Life & Annuity Ins. Co. v. Hubbell*, No. 19-cv-6547, 2020 U.S. Dist. LEXIS 154862, *6 (N.D. Ill. Aug. 26, 2020) ("Because a conflict over policy proceeds is an inherent risk for insurance companies, litigation stemming from such a conflict is within a company's normal course of business.").

This Court agrees. Absent allegations that its efforts were outside the normal course of its business, State Farm's counsel in an interpleader should not be awarded fees. Because State Farm has not alleged any extraordinary circumstances and the Court cannot infer any from the pleadings, State Farm's request for attorneys' fees and costs in its motion is denied.

## IV. CONCLUSION

For these reasons, State Farm's motion to dismiss and discharge [18] is granted in part and denied in part. The Clerk of Court has confirmed receipt of $28,664.67, and thus the Court shall enter an order discharging State Farm of liability under the Policy and dismissing State

Farm from this action with prejudice. State Farm's request for permanent injunction is denied

without prejudice, as is its request to deduct its attorneys' fees and costs from the Death Benefit.

State Farm may renew its request if after a reasonable investigation of fact and law it can

demonstrate that its reasonable fees and costs were "not part of its normal course of business."

*Aaron*, 550 F.3d at 667. Final order of interpleader shall issue.


Date:  December 15, 2021              By:  _____
                                          IAIN D. JOHNSTON
                                          United States District Judge